UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE RILEY,                 CASE NO.:

       Plaintiff,

vs.

JACKSON CUSTOM BUILDING,
INC., A FLORIDA CORPORATION,
AND THOMAS JACKSON,
INDIVIDUALLY,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIE RILEY, by and through the undersigned attorney, sues the Defendants, JACKSON CUSTOM BUILDING, INC., a Florida Corporation, and THOMAS JACKSON, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff was an hourly paid employee working as a concrete worker for Defendants.

3. Plaintiff worked for Defendants from approximately May 2015 to October 2016.

4. Defendant, JACKSON CUSTOM BUILDING, INC., is a Florida Corporation that operates and conducts business in, among other locations, Sarasota County, Florida and is

1

therefore, within the jurisdiction of this Court.

5. At all times relevant to this action, THOMAS JACKSON was an individual resident of the State of Florida, who owned and operated JACKSON CUSTOM BUILDING, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of JACKSON CUSTOM BUILDING, INC. By virtue of having regularly exercised that authority on behalf of JACKSON CUSTOM BUILDING, INC., THOMAS JACKSON is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, JACKSON CUSTOM BUILDING, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendant, JACKSON CUSTOM BUILDING, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were construction supplies and equipment, office supplies and equipment, vehicles and other goods which originated from outside the state of Florida

11. Therefore, Defendant, JACKSON CUSTOM BUILDING, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff complete overtime compensation for his overtime hours worked.

13. During his employment with Defendants, Plaintiff was initially paid $15/hr, and then received a raise to $17/hr around August 2016.

14. However, Plaintiff was paid his regular rate of pay for all overtime hours worked, and not a rate of time and one-half.

15. Plaintiff routinely worked overtime hours but did not receive time and one-half compensation for such hours worked.

16. Defendants have violated the FLSA by only paying "straight time" to Plaintiff for overtime hours worked.

17. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff was entitled to be paid overtime compensation from Defendants for overtime hours worked.

20. During his employment, Plaintiff was only paid his regular pay and not time and one-half of his regular rate for overtime hours worked.

21. Defendants did not have a good faith basis for their decision to not pay Plaintiff time and one-half compensation for his overtime hours worked.

22. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

23. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

24. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, WILLIE RILEY, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 3rd day of May, 2017.

C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*